## Case No. 14,802.

UNITED STATES v. CLARK.

[2 Cranch, C. C. 620.] [1]

Circuit Court, District of Columbia. Nov. Term, 1825.

HOMICIDE—SLAVE—MANSLAUGHTER—PUNISHMENT.

In Alexandria county, a slave guilty of manslaughter was punished by burning in the hand and whipping with ten stripes.

[Cited in U. S. v. Frye, Case No. 15,173.]

The defendant [John Clark], who was a slave about thirteen years old, was indicted for the murder of another slave, named Burdet, about fifteen years old. The deceased was larger and stronger than the defendant, and struck him several times, till the latter drew a knife and told the deceased that if he did not leave striking him, he would stab him; the deceased continued to strike him, and he stabbed the deceased in the left breast, of which wound he died instantly.

The jury found him guilty of manslaughter, and THE COURT sentenced him to be burnt in the hand, and whipped with ten stripes.

## Case No. 14,803.

UNITED STATES v. CLARK.

[4 Cranch, C. C. 506.] [1]

Circuit Court, District of Columbia. March Term, 1835.

JUSTICE OF PEACE—PROSECUTION FOR TAKING INSUFFICIENT BAIL—INDICTMENT.

In an indictment against a justice of the peace for taking insufficient bail in a criminal case, it is not necessary to state in what respects the bail was insufficient; nor to set out the security taken: nor to aver that the defendant ordered the offender to be discharged from the arrest. Motion to quash refused.

[Cited in Mattingly v. U. S., Case No. 9,295.]

This was an indictment [against Robert Clark] for corruptly taking "insufficient security" for the appearance of George Milburn, who was arrested on a capias ad respondendum, and in custody of the marshal upon an indictment for keeping "a certain gaming-table called a 'faro-bank,'" against the form of the act of congress of the 2d of March, 1831 (4 Stat. 448), which makes it a penitentiary offence, whereby the said George Milburn was released from the custody of the marshal, and escaped; and also by means whereof he did not appear at the said court, and therein made default, and hath not

---

since appeared to be dealt with according to law, to the great hindrance of public justice, in contempt of the laws, and against the peace and government of the United States.

The counsel for defendant moved the court to quash the indictment: (1) Because it does not state in what respects the security taken was insufficient; whether it was insufficient because the sum was too small, or because the persons taken as bail were insufficient to answer the amount of the recognizance, or because the form in which the security was taken was insufficient; and because it does not set out the security taken, so that the court can judge whether it was regularly taken, and in an amount adequate to the offence, and in due form. (2) Because it does not aver that the defendant ordered Milburn to be discharged from arrest.

CRANCH, Chief Judge. Upon comparing this indictment with the form of an indictment for a similar offence in 2 Chit. Cr. Law, 244, the court is of opinion that it is in substance a good indictment, and is sufficiently certain to require the defendant to plead to it. The motion to quash it is, therefore, overruled. The other indictment against the same defendant for taking insufficient security in the case of Henry Miller, is even more full and formal than the other; and the motion to quash it is also overruled.

THURSTON, Circuit Judge, not sitting, as he was not present at the argument.